STATE OF CONNECTICUT *v.* RONALD CALLAHAN
(7747)

SPALLONE, O'CONNELL and NORCOTT, Js.

Argued March 8—decision released June 5, 1990

*Martin Zeldis,* assistant public defender, with whom, on the brief, was *G. Douglas Nash,* public defender, for the appellant (defendant).

*Paul J. Ferencek,* deputy assistant state's attorney, with whom, on the brief, was *Michael Dearington,* state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, after a jury trial, of manslaughter in the second degree in violation of General Statutes § 53a-56. The defendant claims that the trial court erred (1) in denying the defendant's motions for judgment of acquittal, (2) in its instruction concerning circumstantial evidence, and (3) in relying on the defendant's juvenile record in imposing sentence. We find no error.

The jury could reasonably have found the following facts. On the evening of April 11, 1987, the defendant was one of a large number of people attending a party at a home in Woodbridge. At approximately 9:30 p.m., some of the guests, including Paul Healey and the victim, left the party. Healey and the victim climbed into Healey's Chevrolet Blazer, which was parked on the hostess' lawn. As Healey drove off, he spun the Blazer's tires and tore up part of the turf. This angered many of the other partygoers, who were standing on the lawn nearby. They ran toward the Blazer, which reached the street without incident and drove away to safety. Healey, with the victim still as a passenger, then turned around and returned to the scene, driving past the crowd of partygoers at a high rate of speed. As he sped by, individuals in the crowd hurled rocks and bottles at the Blazer. Healey then turned down a side street, where he parked and walked toward the angry mob.

At this point, the defendant approached the Blazer, which was now occupied solely by the victim. The victim slid into the driver's seat, started the engine and turned the vehicle onto a neighbor's lawn. As the Blazer turned, the defendant brandished a baseball bat and made for the open window on the driver's side. No one saw the defendant strike a blow, but a scream was heard, and the Blazer careened off the lawn. It then swerved across the street and crashed into a mailbox. The victim was found unconscious in the driver's seat with blood spattered around him.

Immediately following the incident, the defendant yelled to an unidentified individual, "Come on, we've got to get out of here." A few moments later, together with his brother and two others, the defendant fled the scene and drove to a local fast food restaurant. On the way there, the defendant remarked, "I think I may

have hit the van." After leaving the restaurant, he stopped his car and threw the bat into a stream. At his father's request, he later retrieved the bat and surrendered it to the police, pursuant to a duly executed search warrant.

The victim was transported to Yale-New Haven hospital, where he was found to be suffering from a large depressed temporal skull fracture. He died six days later as a result of his injuries.

I

The defendant first claims that the evidence was insufficient to prove beyond a reasonable doubt that he was guilty of manslaughter in the second degree. In reviewing an insufficiency of evidence claim, we undertake a twofold task. First, we construe the evidence in the light most favorable to sustaining the verdict. *State* v. *Robinson,* 213 Conn. 243, 254, 567 A.2d 1173 (1989). Next, we examine the facts established and the inferences reasonably drawn therefrom to determine whether the jury could reasonably have concluded as it did. Id.; *State* v. *McClary,* 207 Conn. 233, 249, 541 A.2d 96 (1988). A conclusion of guilt requires proof beyond a reasonable doubt, and proof to that extent must preclude every reasonable hypothesis except that which it tends to support, and be consistent with the defendant's guilt and inconsistent with any other rational conclusion. *State* v. *Payne,* 186 Conn. 179, 184, 440 A.2d 280 (1982). We must, however, distinguish between a *reasonable* hypothesis and a *possible* hypothesis. *State* v. *Morrill,* 193 Conn. 602, 611, 478 A.2d 994 (1984). " 'Proof of guilt must exclude every reasonable supposition of innocence . . . . "[A] mere 'possible hypothesis' of innocence will not suffice." ' " Id.

The heart of the defendant's claim is that the state failed to exclude other reasonable hypotheses as to how the victim was struck. He presents two alternative theories to support his argument.

The defendant's first theory is that the victim was struck by one of the projectiles hurled at the Blazer. He points out that a number of beer bottles and a large rock were found in the Blazer and, additionally, that expert testimony indicated that the victim's injuries could have been caused by a smooth object such as a bottle.

The defendant's reliance on these facts is misplaced. Henry Lee, chief of the state police forensic science laboratory, testified that the rock found in the Blazer was the wrong shape to have caused the victim's injuries, and, further, it lacked any traces of blood or tissue. He also testified on the basis of the condition of the bottles that they were probably already in the Blazer when the victim was struck. Most significant, several witnesses testified that no objects were thrown at the Blazer while the victim was driving. It was only when Healey was driving that the Blazer came under attack in this manner.

The defendant's second theory is that the sixteen year old victim, whom the defendant characterized as "a new driver," may have lost control of the Blazer, thus causing it to hit the mailbox. The defendant speculates that the crash caused the victim to hit his head on some part of the Blazer's interior. This theory is also completely unsupported by the evidence. There was no evidence of blood or tissue on the dashboard or any other hard surface in the Blazer that would indicate that the victim had struck his head. Furthermore, there was no evidence to show that the victim was an unskilled driver.

It is true, as the defendant contends, that conflicting evidence was presented as to how close the defendant came to the Blazer and as to when people stopped throwing objects. It is also true that because no one saw the defendant strike the fatal blow, his conviction

must be based on circumstantial evidence. This is not fatal to the state's case, however, because there is no legal distinction between the probative force of direct and circumstantial evidence. *State* v. *Little,* 194 Conn. 665, 673, 485 A.2d 913 (1984); see also 1 B. Holden & J. Daly, Connecticut Evidence (1988) § 7c. The fact that the defendant was seen approaching the Blazer with a raised bat in his hands, that he fled the scene, and that he later threw the bat away reasonably support an inference that the defendant had hit the victim. The jury must determine the credibility of conflicting evidence, and we cannot second guess that determination. *State* v. *Robinson,* supra, 256. We conclude on the basis of our review of the evidence and the inferences properly drawn therefrom that every reasonable hypothesis of innocence was excluded. *State* v. *Little,* supra.

## II

The defendant makes two additional claims of error. He contends that the trial court improperly instructed the jury concerning the weight to be given to circumstantial evidence, and he argues that the court violated his due process rights by making improper use of his juvenile record when imposing sentence.

Because neither claim was preserved at trial, the defendant seeks review under the *Evans* bypass. *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973); *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989). We will grant such review only if "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding,* supra, 239–40. If any

of these conditions is absent, the defendant's claim must fail. Id. The defendant contends, alternatively, that his claims are reviewable under the plain error doctrine. Practice Book § 4185.

The defendant argues that the court's instruction deprived him of due process because it allowed the jury to give more weight to the state's witnesses than to his.[1] We are satisfied that his claim is not truly of constitutional dimension. See *State* v. *Stevenson,* 198 Conn. 560, 569, 504 A.2d 1029 (1986) (no *Evans* review when the jury correctly instructed as to all elements of crime charged and state's burden of proof). The defendant is simply placing a constitutional label on what is, in truth, a nonconstitutional issue and one that is not supported by the record. "Due process is not to be regarded as a giant constitutional vacuum cleaner which sucks up any claims of error which may occur to a party upon microscopic examination of the trial record." See *State* v. *Kurvin,* 186 Conn. 555, 564, 442 A.2d 1327 (1982). Furthermore, where the defendant fails to object to an instruction, "the appellate claim that the same issue clearly deprived the defendant of a fundamental constitutional right and a fair trial; *State*

---

[1] The challenged portion of the court's instructions is as follows:

"Now, you may apply your common sense throughout all of your deliberations in this case. And your common sense will tell you that the conclusions to be drawn from a chain of proven circumstances are often stronger than the testimony of a person who claims to have seen an act. Your own good sense will tell you that if the law imposes upon you the duty of regarding circumstantial evidence as insufficient, or if jury men of their own volition impose upon themselves such a duty then the execution of criminal law will be practically paralyzed. Therefore, your duty is to consider circumstantial evidence in the same way as you consider direct evidence. . . .

"There is no reason to be prejudiced against circumstantial evidence simply because it is circumstantial evidence in the every day affairs of our lives. There is no reason why decisions on circumstantial evidence should not be made in the courtroom. In fact, proofwise, circumstantial evidence may be as conclusive as would the testimony of witnesses speaking on the basis of their own observations."

v. *Cosby,* [6 Conn. App. 164, 172, 504 A.2d 1071 (1986)]; is seriously undercut. See also *State* v. *Kurvin,* [supra, 567]." *State* v. *Huff,* 10 Conn. App. 330, 338, 523 A.2d 906, cert. denied, 203 Conn. 809, 525 A.2d 523 (1987). *Evans* review is unwarranted.

The defendant also claims that the trial court violated his due process rights when it considered his juvenile record when imposing sentence, contrary to General Statutes §§ 46b-133a (b), 46b-146, and 46b-124. Regardless of the defendant's characterization of his claim as constitutional, his claim is based solely on the language of the relevant statutes and is not of constitutional dimension. *State* v. *Gagnon,* 18 Conn. App. 694, 712, 561 A.2d 129 (1989). We will not, therefore, review it under *Evans.*

The defendant's assertion that his claims merit review under plain error must also fail. He has failed to provide us with any analysis as to why the alleged errors amount to plain error, and the claimed errors are not so egregious or obvious as to merit such review. See *State* v. *Gagnon,* supra.

There is no error.

In this opinion the other judges concurred.