STATE OF CONNECTICUT *v.* JOHN CAVANAUGH
(8421)

SPALLONE, NORCOTT and LANDAU, Js.

Argued October 4—decision released December 25, 1990

*Kimball Haines Hunt,* for the appellant (defendant).

*Rita M. Shair,* deputy assistant state's attorney, with whom were *John M. Bailey,* state's attorney, and, on the brief, *John Malone,* assistant state's attorney, for the appellee (state).

LANDAU, J. The defendant appeals from the judgment of conviction, after a jury trial, of four separate counts in a substituted information of the crimes of (1) sale of a narcotic substance by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b), (2) sale of a narcotic substance in violation of General Statutes § 21a-277 (a), (3) conspiracy to sell a narcotic substance in violation of General Statutes §§ 53a-48 (a) and 21a-277 (a), and (4) possession of a narcotic substance in violation of General Statutes § 21a-279 (a). The defendant claims that the convictions should be reversed for the following reasons: (1) the court incorrectly failed to consider Wharton's Rule and thus improperly denied the defendant's motion to strike the third count of the substituted information and improperly denied the defendant's motion for judgment of acquittal on the same count because of insufficient evidence, and (2) the court failed to grant the defendant's motion to sever his trial from that of his codefendant. At oral argument before this court, both parties questioned the trial court's acceptance of the jury verdict of guilty of the second count, sale of a narcotic substance in violation of § 21a-277 (a), in view of the defendant's conviction on the first count, sale of a narcotic substance by a person who is not drug-dependent in violation of § 21a-278 (b). We affirm the trial court's judgment as to counts one, three and four, and reverse its judgment as to count two.

The defendant's trial was consolidated with the trial of Veronica Hart on charges similar to those against the defendant.[1] The jury could reasonably have found the following facts. The defendant was a bouncer at 190 East, a bar known to the Enfield police department for extensive drug trafficking. The codefendant,

---

[1] The codefendant, Hart, has filed a separate appeal that is also before this court.

Hart, was a regular patron at the bar. On October 23, 1986, as part of an undercover operation, Officers Steven Cahill and Paul Vanderheiden, members of the statewide narcotics task force, entered the bar to purchase drugs. After Cahill spread the word that he was interested in purchasing drugs, Hart approached him and told him that she had heard that he wanted some cocaine, and offered to split a gram with him. Hart told Cahill that she needed $50 in cash up front, and that she was going to obtain the cocaine from "John, the big guy at the door." As she said this, Hart gestured towards the defendant. As soon as Cahill handed her the cash, she approached the defendant and gave him the money. The defendant put the money in his pocket and gave Hart a packet of cocaine. Hart returned to Cahill and they went outside together and got into Cahill's car to divide the cocaine. When they returned to the bar, Cahill thanked the defendant who did not respond.

## I

## A

The defendant, on the basis of Wharton's Rule, seeks the reversal of the third count of the substituted information charging him with conspiracy to sell a narcotic substance in violation of General Statutes §§ 53a-48 and 21a-277 (a).

A person is guilty of conspiracy when "with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy." General Statutes § 53a-48 (a). "[T]he essence of [conspiracy] is an agreement to commit an unlawful act. . . . The prohibition of conspiracy is directed not at the unlawful object, but at the process of agreeing

to pursue that object." *State* v. *Beccia,* 199 Conn. 1, 3, 505 A.2d 683 (1986), quoting *United States* v. *Simms,* 508 F. Sup. 1188, 1196 (W.D. La. 1980). Conspiracy thus requires a showing that two or more coconspirators intended to engage in or cause conduct that constitutes a crime. *State* v. *Grullon,* 212 Conn. 195, 199, 562 A.2d 481 (1989). A defendant cannot be guilty of conspiracy if the only other member of the alleged conspiracy lacks any criminal intent. Id.

In this case, the state charged the defendant and Hart with conspiring to distribute, sell or otherwise dispense a narcotic substance in violation of General Statutes § 21a-277 (a).[2]

The defendant's claim that Wharton's Rule applies in this case misconstrues the application of that rule. Wharton's Rule is described in Wharton's criminal law treatise as follows: "An agreement by two persons to commit a particular crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission." 1 R. Anderson, Wharton's Criminal Law and Procedure (1957) § 89, p. 191.

Before Wharton's Rule can be applied, the defendant must show that his offense *requires* the active, culpable participation of two people. *Iannelli* v. *United States,* 420 U.S. 770, 785, 95 S. Ct. 1284, 43 L. Ed. 2d 616 (1975); *State* v. *Baker,* 195 Conn. 598, 607, 489 A.2d 1041 (1985). "The classic Wharton's Rule offenses—adultery, incest, bigamy, duelling—are

---

[2] General Statutes § 21a-277 (a) provides in pertinent part: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any controlled substance which is a hallucinogenic substance other than marihuana, or a narcotic substance, except as authorized in this chapter . . . shall be imprisoned . . . or be both fined and imprisoned. . . ."

crimes that are characterized by the general congruence of the agreement and the completed substantive offense. The parties to the agreement are the only persons who participate in commission of the substantive offense, and the immediate consequences of the crime rest on the parties themselves rather than on society at large." *Iannelli* v. *United States,* supra, 782; *State* v. *Acklin,* 171 Conn. 105, 117–18, 368 A.2d 212 (1976).

The substantive offense with which the defendant is charged is sale of a narcotic substance. A sale is "any form of delivery which includes barter, exchange or gift, or offer therefor . . . ." General Statutes § 21a-240 (50). It is clear from the language of the statute that the sale of a narcotic substance does not require the participation of two persons. Rather, it is the doing of the prohibited act, i.e., sale of prohibited substances, that constitutes a violation of the statutory crime. *State* v. *Husser,* 161 Conn. 513, 515, 290 A.2d 336 (1971); see *State* v. *McClary,* 207 Conn. 233, 240, 541 A.2d 96 (1988). It is necessary only that the seller have a culpable intent. *State* v. *McClary,* supra.

The fact that two persons acted together to commit the crime does not in and of itself implicate Wharton's Rule because two persons need not act together for the commission of the underlying crime. See *State* v. *DeMartin,* 171 Conn. 524, 530–33, 370 A.2d 1038 (1976); *State* v. *Acklin,* supra, 116–19. The sale of narcotics is not a crime that necessarily requires the participation of two culpable persons for its commission and therefore Wharton's Rule, by its own terms, is not applicable. "Wharton's Rule applies only to offenses that *require* concerted criminal activity, a plurality of criminal agents. In such cases, a closer relationship

exists between the conspiracy and the substantive offense because *both* require collective criminal activity." *Iannelli* v. *United States,* supra, 785–86.

## B

The defendant's next claim is that there was insufficient evidence to support his conviction on the charge of conspiracy. He contends that the jury was given insufficient evidence to support a finding that the defendant intended to sell the contraband to anyone other than Hart. A review of the evidence adduced at trial confirms that there was substantial evidence to support the jury's verdict of guilty of conspiracy to sell narcotics.

The standard of review in an insufficiency claim is that the reviewing court must first review the evidence presented at trial in the light most favorable to sustaining the jury's verdict. We must then determine whether, on the facts established and the inferences reasonably drawn therefrom, the jury could reasonably have concluded that the cumulative effect of the evidence established guilt beyond a reasonable doubt. *State* v. *Foreshaw,* 214 Conn. 540, 550, 572 A.2d 1006 (1990); *State* v. *Callahan,* 21 Conn. App. 654, 657, 575 A.2d 704, cert. denied, 216 Conn. 803, 577 A.2d 716 (1990).

As discussed above, conspiracy requires a showing that two or more coconspirators intended to engage in or cause conduct that constitutes a crime. *State* v. *Grullon,* supra. The jury heard evidence that Officer Cahill entered the 190 East Bar and let it be known that he wanted to purchase narcotics. Cahill testified that shortly thereafter Hart approached him and said that she had heard he was interested in purchasing narcotics. The officer related that Hart told him she would "get the drugs from John" while gesturing toward the defendant. As soon as the officer gave her the money,

he saw Hart approach the defendant and hand over the cash. Cahill also saw the defendant give Hart a "snowfold"[3] of cocaine. Hart immediately returned to Cahill with the cocaine and they stepped outside to split the packet. Cahill also testified that when he reentered the bar and passed the defendant, Cahill said to the defendant, "Thanks very much," but the defendant made no reply.

From this evidence, the jury could have reasonably and logically inferred that the defendant and Hart had agreed to work in concert to commit the crime of selling narcotics. Hart's statements could indicate that the defendant was her supplier. Hart's actions in immediately going to the defendant, and turning the cash over to him, further support the jury's conclusion that they were partners in this crime. The jury heard testimony that the defendant handed her a cocaine packet, which she promptly delivered to the officer, and further testimony that the defendant did not respond to the officer's words of thanks. From this, the jury could reasonably have concluded that the defendant was in fact the source of the drug that the officer had just purchased. His silence also suggests that he was aware that a third party, rather than Hart alone, was obtaining drugs from him.

The defendant's own testimony indicated that he was stationed at the doorway of the bar and that his job required him to oversee all the activities in the bar. From this, the jury could have reasonably inferred that the codefendant's transaction with the officer did not escape his notice. Furthermore, the quick, efficient exchange between the defendant and Hart permitted the jury to infer that this was one of many such transactions effected in the ordinary course of their drug

---

[3] Testimony reveals that a "snowfold" is a packet of white paper folded and used to hold cocaine.

deals. We conclude, therefore, that there was ample evidence before the jury from which they could reasonably have found that the defendant and Hart conspired to sell narcotics.

## II

The defendant challenges the court's denial of his motion to sever on three separate grounds. He claims that the denial prejudiced him because (1) it violated his right of confrontation under *Bruton* v. *United States,* 391 U.S. 123, 88 S. Ct. 1620, 20 L. Ed. 2d 476 (1968), (2) the codefendant's drug dependency defense was antagonistic to his own defense, and (3) manifest injustice resulted from the joint trial.

In general, persons who are charged under a joint information are tried together. Separate trials are the exception, with the decision to sever resting in the discretion of the court. *State* v. *DeWitt,* 177 Conn. 637, 644, 419 A.2d 861 (1979). Only if it is shown that the trial court abused its discretion and that that abuse resulted in manifest prejudice to one or more of the defendants will the trial court's decision not to sever be reversed. *State* v. *Vinal,* 198 Conn. 644, 649, 504 A.2d 1364 (1986).

First, the defendant argues that Hart's statement to the undercover policeman that the defendant would give her cocaine was inadmissible hearsay and therefore violated his constitutional right of confrontation pursuant to *Bruton* v. *United States,* supra. In accordance with *Bruton,* a defendant's constitutional rights are violated when a substantial risk exists that, despite instructions to the contrary, a jury could rely on a codefendant's out-of-court admissions. Id., 137. *Bruton* is not applicable to the present case.

Under a well established exception to the hearsay rule, the admission of statements made by a coconspirator in furtherance of the conspiracy is deemed not to violate the confrontation clause. *Dutton* v. *Evans,*

400 U.S. 74, 81–82, 91 S. Ct. 210, 27 L. Ed. 2d 213 (1970); *State* v. *Spencer,* 198 Conn. 506, 513, 503 A.2d 1165 (1986).

The defendant's claim is based on his coconspirator's statement made while the conspiracy was ongoing and in furtherance of the conspiracy. Hart's statement to the undercover officer that she could purchase the cocaine from "John, the big guy at the door," was made clearly during the course of and in furtherance of the conspiracy to sell narcotics. Hart's statement is thus admissible under an exception to the hearsay rule and its admission does not violate the confrontation clause. *State* v. *Pelletier,* 209 Conn. 564, 577, 552 A.2d 805 (1989); *State* v. *Vessichio,* 197 Conn. 644, 654–55, 500 A.2d 1311 (1985), cert. denied, 475 U.S. 1122, 106 S. Ct. 1642, 90 L. Ed. 2d 187 (1986).

In addition, because the admission of Hart's statement is not a *Bruton* violation but falls under an exception to the hearsay rule and relevant to both defendants, it would be admissible even if separate trials were ordered. "Where evidence of one incident *can* be admitted at the trial of the other, separate trials would provide the defendant no significant benefit." (Emphasis in original.) *State* v. *Pollitt,* 205 Conn. 61, 68, 530 A.2d 155 (1987).

Second, the defendant claims that his codefendant's defense of drug dependency was antagonistic to his defense of non-drug-dependency and thus his motion to sever should have been granted.

When a defendant claims that the defenses are antagonistic, a reviewing court must scrutinize the strategies employed by each defendant, then determine whether the conflict between the defendants tainted the proceedings. *State* v. *Vinal,* supra; *State* v. *Delarosa,* 16 Conn. App. 18, 29, 547 A.2d 47 (1988). When two or more criminal defendants are scheduled to be tried together and one or more moves for sever-

ance, separate trials " 'will be ordered where the defenses of the accused are antagonistic, or evidence will be introduced against one which will not be admissible against others, and it clearly appears that a joint trial will probably be prejudicial to the rights of one or more of the accused. The test for the trial court is whether substantial injustice is likely to result unless a separate trial be accorded.' " *State* v. *Vinal,* supra, 648. Moreover, no abuse of discretion exists if "the state's orderly presentation of evidence has prevented confusion of the jury and has enabled the jury to consider the evidence relevant to each charge separately and distinctly." *State* v. *Pollitt,* supra. The accused bears the burden of showing that any prejudice from joinder may be beyond the curative powers of the court's instruction. *State* v. *King,* 187 Conn. 292, 300, 445 A.2d 901 (1982).

The defendant directs our attention to Hart's testimony in support of her drug dependency defense to support his claim that this evidence tainted the jury's opinion of his innocence. He argues that her witnesses' testimony improperly infected the jurors' minds and led them to find him guilty of drug involvement and further tainted his right to be presumed innocent because of his association with Hart. His argument is unpersuasive, however, as it fails to identify any evidence that would have been inadmissible if the trials had been severed or inculpatory statements that were present because of the joint trial. See *State* v. *Varricchio,* 176 Conn. 445, 450, 408 A.2d 239 (1979).

A review of the record shows that the defendant asked for and received limiting instructions on this issue. In addition, defense counsel pointed out to the jury during the testimony involving Hart's drug dependency that the testimony applied only to Hart. Second, the defendant testified as to his previous conviction of four counts of drug violations. Finally, the jury's verdict, i.e., guilty as persons who were not drug-dependent, against both defendants suggests that it did

not believe that Hart was drug-dependent. Because her assertion of drug dependency was not deemed credible as to her, it certainly could not have had a prejudicial effect as to the defendant. Thus, the defendant's contention as to an antagonistic defense is also without merit.

Third, the defendant makes a general claim that the drug dependency charge given to the jury concerning his codefendant caused him manifest injustice. The defendant did not raise this claim at trial. Relying upon *State* v. *Luca,* 19 Conn. App. 668, 563 A.2d 752 (1989), the defendant asserts that his unpreserved claim merits review under the "plain error" doctrine. Practice Book § 4185. *Luca* is not applicable because the defendant challenges a jury instruction that concerned Hart and not himself.[4]

The trial court carefully distinguished the evidence presented on behalf of the two defendants both during the trial and in its jury charge. In its charge, the trial court clearly and incisively instructed the jury that no evidence was presented about drug dependency with respect to the defendant.[5] Therefore, any error in the

---

[4] In *State* v. *Luca,* 19 Conn. App. 668, 672, 563 A.2d 752 (1989), the defendant, on appeal, successfully challenged a jury instruction under the plain error doctrine. The *Luca* court improperly instructed the jury that it had the duty to determine whether the defendant had introduced substantial evidence of drug dependence. This instruction caused the jury to consider two different standards of proof, as well as potentially shifting burdens of proof.

[5] The court stated: "Now, in connection with this possession with intent to sell by a non-drug-dependent person, you will recall that this seems to apply only to persons who are not drug-dependent, and that the information alleges that the defendant was not at the time of such transaction a drug-dependent person. Now, as this was also the allegation against the defendant John Cavanaugh and what this means is that if the defendant in this case—now I'm speaking of John Cavanaugh—introduces some evidence tending to prove his drug dependency at the time of the offense, the issue of his status as a person who was not drug-dependent becomes an essential element of the case which the state must prove beyond a reasonable doubt. However, where no such evidence of drug dependency has come into the case—and you will recall no such evidence was offered on behalf of John Cavanaugh—the state does not have the burden of proving non-

instruction pertaining to Hart would have no effect on the defendant. This unpreserved claim of error about an instruction clearly directed only to his codefendant is not reviewable under the "plain error" doctrine.

### III

On the basis of his transaction with Hart on October 23, 1986, the defendant was charged with and found guilty of the sale of a narcotic substance by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b) and sale of a narcotic substance in violation of General Statutes § 21a-277 (a). On each of these counts, the defendant was sentenced to fifteen years incarceration, suspended after twelve years, and five years probation. These sentences were to run concurrently.

At oral argument before this court, for the first time, both parties questioned the appropriateness of the trial court's acceptance of these findings by the jury. This court may, in the interest of justice, notice plain error that was not brought to the attention of the trial court pursuant to Practice Book § 4185. *In re Jonathan P.,* 23 Conn. App. 207, 211, 579 A.2d 587 (1990). Where, as here, a reading of the statutes involved clearly indicates that a defendant cannot be sentenced under the circumstances of this case for a violation of both statutes, it is thus in the interest of justice that we review the claim under the plain error doctrine.

A violation of General Statutes § 21a-277 (a) is a lesser included offense of a violation of § 21a-278 (b).

---

drug-dependency. *And, as I recall, there was no evidence offered in the course of this trial as to the defendant Cavanaugh's drug dependency, and the defendant has made no such claim.* You may properly assume, therefore, that the defendant Cavanaugh was not drug-dependent and, accordingly, the state would not have to be required to prove non-drug-dependency under the circumstances of that. In other words, possession with intent to sell by a non-drug-dependent person, *the issue of drug dependence does not apply in the case of John Cavanaugh. He has not attempted to pursue an exemption."* (Emphasis added.)

*State* v. *Amaral,* 179 Conn. 239, 243, 425 A.2d 1293 (1979); *State* v. *McNeil,* 21 Conn. App. 519, 523, 574 A.2d 1314 (1990). As such, proof of the greater offense includes all the elements of the lesser offense and double jeopardy attaches. *State* v. *De Matteo,* 13 Conn. App. 596, 602, 538 A.2d 1068 (1988). Double jeopardy therefore precludes the defendant's being sentenced under both statutes. Both convictions, however, should stand and the conviction on the lesser offense should be "combined" with the conviction on the greater offense. *State* v. *Chicano,* 216 Conn. 699, 725, 584 A.2d 425 (1990). Accordingly, we remand to the trial court with direction to combine the defendant's conviction under General Statutes § 21a-277 (a) with his conviction under General Statutes § 21a-278 (b) and to vacate the defendant's sentence under § 21a-277 (a).

The judgment is reversed as to the sentence on the second count of the substituted information and the case is remanded with direction to vacate that sentence and to combine the convictions on the first and second counts. The judgment is affirmed as to the first, third and fourth counts.

In this opinion the other judges concurred.