[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTIONTO DISMISS SECOND COUNT OF INFORMATION
In the three count Information filed by the State's Attorney, the defendant is charged with promoting prostitution in the second degree, in violation of General Statutes § 53a-87(a) (1),[1] conspiracy to promote prostitution in the second degree, in violation of General Statutes § 53a-48(a),[2]
and a violation of the Corrupt Organizations and Racketeering Activity Act, in violation of General Statutes § 53-395(c).[3]
Pursuant to Practice Book § 815 (now § 41-8), the defendant filed a motion to dismiss the conspiracy charge as impermissible under Wharton's Rule. The issue of whether the State can charge a defendant with conspiracy to promote prostitution and with promoting prostitution and not run afoul of Wharton's Rule evidently has not been decided by our appellate courts.
"In its most-recent formulation, Wharton's Rule reads as follows: [a]n agreement by two persons to commit a crime cannot be prosecuted as a conspiracy when the crime is of such a nature as to necessarily require the participation of two persons for its commission. . . . Differently put, the principle is that where a crime can only be committed by the concurrence of two parties, they must be charged with its commission and not with conspiracy to commit it." (Citations omitted; internal quotation marks omitted.) State v. DeMartin, 171 Conn. 524, 530-31, CT Page 3758370 A.2d 1038 (1976), "The classic Wharton's Rule offenses — adultery, incest, bigamy, duelling — are crimes that are characterized by the general congruence of the agreement and the completed substantive offense. The parties to the agreement are the only persons who participate in commission of the substantive offense, and the immediate consequences of the crime rest on the parties themselves rather than on society at large." (Internal quotation marks omitted.) Id., 531. "As generally stated, the Rule can be misleading. The Rule does not prohibit prosecution of a conspiracy simply because the substantive crime involves the participation of two or more actors. It prohibits only such prosecution when the cooperative conduct inherent in the substantive crime is indistinguishable from the element of agreement in the alleged conspiracy." People v. Laws,613 N.E.2d 747, 749 (Ill. 1993).
General Statutes § 53a-87(a)(1) requires, as an element of the crime of promoting prostitution in the second degree, the participation of at least two prostitutes in the activities of a house of prostitution, or a prostitution business or enterprise. If an agreement between the defendant and the prostitutes is contemplated by this statute, it merely involves an agreement between these parties to engage in the business of prostitution. General Statutes § 53a-87 (a)(1) does not require that an agreement to promote prostitution exist between the defendant and the prostitutes. For the conspiracy charge, however, the defendant must have specifically agreed with another to commit the crime of promoting prostitution. The agreements, or the cooperative conduct, necessary for the crimes of promoting prostitution in the second degree and conspiracy to promote prostitution are distinguishable. As such, there is not a true congruence of agreement required for both conspiracy and the underlying offense. See State v. Cavanaugh, 23 Conn. App. 667,672 (1990) Therefore, Wharton's Rule is not applicable.
Assuming, arguendo, there exists true congruence of agreement, nonetheless, the conspiracy to promote prostitution charge is permitted because of a limitation on the application of Wharton's Rule. Wharton's Rule does not apply when "the law defining the substantive offense does not specify any punishment for one of the necessary participants." 1 R. Anderson, Wharton's Criminal Law And Procedure (1957) § 89, p. 193. As such, it does not present a bar to prosecution for conspiracy where only the essential participants were involved. See Vannata v. UnitedStates, 289 F. 424, 427-28 (2d Cir. 1923) (involving prosecution CT Page 3759 for "bootlegging"); United States v. Grand Trunk R. Co., 225 F. 283, 285-86 (W.D.N.Y. 1915) (involving prosecution for criminal "rebates").
As an element of the crime of promoting prostitution in the second degree, General Statutes § 53a-87(a)(1) requires the participation of at least two prostitutes in the activities of a house of prostitution, or a prostitution business or enterprise. According to Wharton's Rule terminology, the two prostitutes would be considered "necessary participants" to the crime of promoting prostitution in the second degree. However, the prostitutes are not punishable for the crime of promoting prostitution in the second degree.[4] Instead, only parties who actually "promote" prostitution are punishable pursuant to General Statutes § 53a-87(a)(1). As such, the limitation on Wharton's Rule dictates that the prosecution of the defendant, Gabriel Gladstone, for conspiracy to promote prostitution is not barred.
Accordingly, based on the foregoing, the defendant's Motion To Dismiss Second Count Of Information is denied.
So ordered.
HARTMERE, J.