STATE OF CONNECTICUT *v.* JOSEPH LUCA
(7200)

DUPONT, C. J., BORDEN and SPALLONE, Js.

Argued June 6—decision released September 12, 1989

*Brian M. O'Connell,* for the appellant (defendant).

*Mary H. Lesser,* deputy assistant state's attorney, for the appellee (state).

DuPONT, C. J. The defendant appeals from the judgments of conviction rendered after a jury found him guilty of one count of the crime of possession of cocaine with intent to sell, in violation of General Statutes § 21a-277 (a), and three counts of the crime of sale of cocaine by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b). He received a total effective sentence of thirty years imprisonment suspended after fifteen years. The defendant claims that the trial court erred in allowing the jury to determine whether the defendant had produced substantial evidence of drug dependency, and that, therefore, the judgment should be set aside. We find error.

At trial, the defendant testified on both direct and cross-examination about his drug use. While much of the testimony was confusing as to dates, amounts and specific events, the defendant essentially testified that he had begun using cocaine on a regular basis approximately two to three years before his arrest. He also testified that he had borrowed large sums of money from family members to support both his drug and gambling habits, and that his drug use had adversely affected him both psychologically and financially. An expert witness for the defendant, a psychiatrist, testified that the defendant was drug-dependent at the time of his arrest. The psychiatrist based that conclusion largely on information obtained from the defendant.

After instructing the jury on the state's burden of proving the elements of the crimes charged beyond a reasonable doubt, the trial court charged: "Non-drug-dependency is not an element of the offense which the state is initially required to prove. The status of being a drug-dependent person would exempt an accused person from the application of these statutes. The state has the right, in the first instance, to rely on a presumption that an accused person was not a drug-dependent person at the time of the offense. If and only if you find

the defendant has introduced some substantial evidence tending to prove his drug dependence at the time of the offense, the exemption from the application of the statutes becomes an issue, and the state can no longer rely on the presumption of non-drug-dependency. At that point, the burden rests upon the state, based upon all the evidence, to prove beyond a reasonable doubt that the accused was not a drug-dependent person and therefore not entitled to the exemption provided by the statute.''

The defendant argues, for the first time on appeal, that the trial court, rather than the jury, should have initially determined whether the defendant had submitted substantial evidence of drug dependency, and that only if it concluded that there was substantial evidence, should the jury have been allowed to determine whether, based upon all the evidence, the state had proved beyond a reasonable doubt that the defendant was not a drug-dependent person. The state concedes that the charge as given was erroneous, but argues that our review is precluded by the defendant's failure to preserve his claim properly by not filing a proper request to charge or taking an exception to the charge given on the ground he now asserts on appeal.[1]

While it is the general practice of this court not to review claims not distinctly raised at trial, we may, in the interests of justice, notice plain error not brought to the trial court's attention. Practice Book § 4185; State v. Phu Dinh Le, 17 Conn. App. 339, 342, 552 A.2d 448 (1989). The plain error rule is one "aimed at preserving the fundamental integrity of the adjudicative process and avoiding fundamental injustice, and

---

[1] While the defendant did file a formal request to charge, that request did not address the issue he now raises. Exceptions to a trial court's instructions must be sufficiently precise and clear to allow the court to cure any defects or ambiguities in the charge. Nisbet v. Olmeda, 15 Conn. App. 6, 14, 544 A.2d 642 (1988).

not at simply detecting error, even of a constitutional nature." *State* v. *Cosby*, 6 Conn. App. 164, 172, 504 A.2d 1071 (1986). The error in this case caused a "manifest injustice under all the circumstances of the case" because it affected the integrity or reliability of the jury's verdict. We, therefore, will invoke our discretionary authority.[2] See *State* v. *Hinckley*, 198 Conn. 77, 87–88, 502 A.2d 388 (1985).

General Statutes § 21a-269 places the initial burden of proving the existence of any exemption contained in General Statutes §§ 21a-240 through 21a-285 upon the defendant. Section 21a-278 (b) exempts drug-dependent persons and, therefore, the burden of producing evidence of drug dependency rests initially with the defendant. *State* v. *Januszewski*, 182 Conn. 142, 166, 438 A.2d 679 (1980), cert. denied, 453 U.S. 922, 101 S. Ct. 3159, 69 L. Ed. 2d 1005 (1981). The state has the right in the first instance to rely on the presumption that the defendant is not drug-dependent. Once the defendant introduces some substantial evidence tending to prove his drug dependency, however, drug dependency becomes an issue in the case, the presumption loses its operative effect, and the state then bears the burden of proving beyond a reasonable doubt that the defendant was not drug-dependent. Id., 169.

---

[2] The defendant has not claimed review under the plain error doctrine. On occasion, this court has declined plain error review when not claimed by the appellant. See *State* v. *Speers*, 17 Conn. App. 587, 602, 554 A.2d 769 (1989); *State* v. *Maisonet*, 16 Conn. App. 89, 546 A.2d 951 (1988), cert. denied, 489 U.S. 1014, 109 S. Ct. 1132, 103 L. Ed. 2d 189 (1989). These decisions do not, however, preclude review in such circumstances. See *Smith* v. *Czescel*, 12 Conn. App. 558, 533 A.2d 223, cert. denied, 206 Conn. 803, 535 A.2d 131 (1987).

The defendant also claims, without invoking *State* v. *Evans*, 165 Conn. 61, 327 A.2d 576 (1973), that the claimed error violated his rights under the fourteenth amendment to the United States constitution and article first, § 8 of the Connecticut constitution. Because we find plain error in the trial court's instruction, we need not address the constitutional basis of his claim.

It is for the court to determine whether the defendant has introduced substantial evidence of drug dependency and has therefore put the matter into issue. *State* v. *Brown,* 163 Conn. 52, 67, 301 A.2d 547 (1972).

In the present case, the court erroneously instructed the jury that it had the duty to make that initial determination. This was a clear misstatement of the law and constituted plain error. See *Finley* v. *Aetna Life & Casualty Co.,* 5 Conn. App. 394, 399, 499 A.2d 64 (1985), rev'd on other grounds, 202 Conn. 190, 520 A.2d 208 (1987). The misstatement resulted in an unreliable verdict because the jury was faced with two different standards of proof, as well as potentially shifting burdens of proof. According to the court's instruction, the jury first had to determine whether the defendant had produced substantial evidence of drug dependency. If it found that the defendant failed to produce substantial evidence, it could allow the state to rely on a presumption that the defendant was not drug-dependent. If, on the other hand, it found that the defendant had produced substantial evidence of drug dependency, it had to hold the state to the burden of proving beyond a reasonable doubt that the defendant was not drug-dependent. The potential for confusion in these instructions is evidenced by certain questions asked by the jury during its deliberations.[3] The court's erroneous charge failed to comport with the primary purpose of a charge, which is to assist the jury in applying the law to the facts, because it gave the jury the responsibility of making a factual finding that the court should have determined as a matter of law. See *State* v. *Preyer,* 198 Conn. 190, 199–200, 502 A.2d 858 (1985).

---

[3] During deliberations, the jury sought clarification of several issues from the court. At one point, the jury sent a note, accompanied by a flow chart, to the court asking whether drug dependency was the first issue to be considered.

Although the state conceded that the court's instruction was erroneous, it argues that the error was harmless. We disagree. "An important factor in determining whether to invoke the plain error doctrine is whether the claimed error 'result[ed] in an unreliable verdict or a miscarriage of justice.' *State* v. *Hinckley*, supra, 88." *Smith* v. *Czescel*, 12 Conn. App. 558, 563, 533 A.2d 223, cert. denied, 206 Conn. 803, 535 A.2d 131 (1987). As previously discussed, the erroneous instruction in this case did result in an unreliable verdict because the jury was instructed to make a determination that, under our case law, it was prohibited from making.[4] Accordingly, we hold that the trial court's erroneous instruction on the determination of whether the defendant had produced substantial evidence of his drug dependency requires reversal of his convictions under § 21a-278 (b).

The state also argues that the court's instructional error had no impact on the defendant's conviction of possession with intent to sell cocaine under General Statutes § 21a-277 (a). We agree, because unlike § 21a-278 (b), drug dependency is neither an exemption nor an element of § 21a-277 (a). The court's error

---

[4] In its argument on the harmlessness of the instructional error, the state argues that because the defendant failed to produce substantial evidence of his drug dependency, it was irrelevant whether the court or the jury made that initial determination. This argument hinges on the credibility of the testimony of the defendant and his psychiatrist. We have often stated that the credibility of witnesses and the weight to be accorded to their testimony is a matter to be determined by the trier of fact. *State* v. *Coriano*, 12 Conn. App. 196, 203, 530 A.2d 197, cert. denied, 205 Conn. 810, 532 A.2d 77 (1987).

Relying on statements by the trial judge made during posttrial hearings, the state argues that the court, had it exercised its proper authority, would have instructed the jury that the state did not have to prove non-drug dependency. While the statements indicate that the court did not find the defendant's testimony convincing, they were not rulings, and were made in hindsight after a verdict had been entered. We cannot now speculate on whether the court would have made a ruling consistent with those statements had it properly applied the law.

did not affect the outcome of the trial with respect to the § 21a-277 (a) charge. See *State* v. *Suggs,* 209 Conn. 733, 753, 553 A.2d 1110 (1989).

There is error in part, the judgment is set aside as to the three convictions under General Statutes § 21a-278 (b) and the case is remanded for a new trial on those charges.

In this opinion the other judges concurred.