## STATE OF CONNECTICUT *v.* RACHEL MCNEIL
### (7470)

BORDEN, O'CONNELL and LAVERY, Js.

Argued October 5, 1989—decision released May 15, 1990

*Temmy Ann Pieszak,* assistant public defender, with whom, on the brief, was *G. Douglas Nash,* public defender, for the appellant (defendant).

*Carolyn K. Longstreth,* deputy assistant state's attorney, with whom was *Timothy Liston,* assistant state's attorney, for the appellee (state).

E. Y. O'CONNELL, J. The defendant appeals from the judgment of conviction, after a jury trial, of possession with intent to sell a narcotic substance by a person who is not drug-dependent, in violation of General Statutes § 21a-278 (b). She does not challenge her conviction of conspiracy to sell a narcotic substance in violation of General Statutes §§ 53a-48 and 21a-277 (a).

The defendant claims that (1) the court erred by instructing the jury to make the initial determination of drug dependency, (2) the state did not meet its burden of proving beyond a reasonable doubt that the defendant was not a drug-dependent person, and (3) the court erred by improperly charging the jury on its duty to reach a unanimous verdict. We find error.

In her first claim of error, the defendant asserts that the trial court should not have permitted the jury to determine whether the defendant had introduced substantial evidence of drug dependency. At oral argument, the state conceded that this court's decision in *State* v. *Luca,* 19 Conn. App. 668, 563 A.2d 752 (1989), is dispositive of this claim.

In a prosecution under General Statutes § 21a-278 (b), the state may initially rely on a presumption that the defendant is not drug-dependent. *State* v. *Januszewski,* 182 Conn. 142, 166, 438 A.2d 679 (1980), cert. denied, 453 U.S. 922, 101 S. Ct. 3159, 69 L. Ed. 2d 1005 (1981). This presumption evaporates when the defendant introduces substantial evidence tending to prove drug dependency, and the state must then prove, beyond a reasonable doubt, that the defendant is not drug-dependent. Id., 169; *State* v. *Luca,* supra, 671. *Luca* clarified that it is the *court* and not the jury that must decide if the defendant has introduced sufficient evidence of drug dependency so as to put the burden on the state of proving nondependency. *State* v. *Luca,* supra, 672.

Consequently, it was error for the trial court, in the present case, to instruct the jury that it had the duty to make this determination. Our finding of error on the first claim, however, does not complete our review, for we are faced with a claim that was not presented in *Luca.* Here, the defendant asserts that the state failed to prove, beyond a reasonable doubt, all that it was required to prove in order to gain a conviction under § 21a-278 (b).

It is axiomatic that the state must prove each element of a crime beyond a reasonable doubt in order to obtain a conviction. *State* v. *Morrill,* 193 Conn. 602, 608, 478 A.2d 994 (1984). If a conviction is later reversed for insufficiency of evidence, a second trial is precluded by double jeopardy. *Burke* v. *United States,* 437 U.S. 1, 18, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978); *State* v. *Seravalli,* 189 Conn. 201, 209, 455 A.2d 852 (1983), cert. dismissed, 461 U.S. 920, 103 S. Ct. 2076, 77 L. Ed. 2d 291. While it is true that the absence of drug dependency is not an element of the offense charged here; *State* v. *Januszewski,* supra; once the defendant has introduced substantial evidence to show dependency, the state is required to prove its absence beyond a reasonable doubt. Id.; *State* v. *Luca,* supra, 671. The defendant argues that she produced substantial evidence to put drug dependency in issue and that the state failed to prove, beyond a reasonable doubt, that she was not drug-dependent. Therefore, she claims, any retrial under § 21a-278 (b) is barred by double jeopardy.

We must first determine if the defendant has put her drug dependency in issue. In conducting this inquiry, we find guidance in the analysis of the presumption used in insanity cases. See *State* v. *Januszewski,* supra, 168. In those cases, the state may initially rely on the presumption of sanity; *State* v. *Evans,* 203 Conn. 212,

237, 523 A.2d 1306 (1987); just as in drug prosecutions the state may initially rely on a presumption of nondependency. *State* v. *Luca,* supra. The insanity cases hold that the function of the court is limited to a determination that "substantial" evidence tending to prove insanity has been introduced. *State* v. *Holmquist,* 173 Conn. 140, 150, 376 A.2d 1111, cert. denied, 434 U.S. 906, 98 S. Ct. 306, 54 L. Ed. 2d 193 (1977). "Whether . . . there was substantial evidence of insanity . . . depends on whether there was evidence sufficient, *if credited,* to raise a reasonable doubt as to the sanity of the defendant at the time of the homicide." (Emphasis added.) *State* v. *Conte,* 157 Conn. 209, 212–13, 251 A.2d 81, cert. denied, 396 U.S. 964, 90 S. Ct. 439, 24 L. Ed. 2d 428 (1968). It is not the trial court's function to determine the credibility of the insanity evidence; see *State* v. *Robinson,* 213 Conn. 243, 256, 567 A.2d 1173 (1989) (credibility is within the province of the jury); but only to assure that the burden of proving sanity is not put on the state where there has been only a tangential, casual, or frivolous mention of the defendant's possible lack of sanity. By analogy, therefore, in a drug prosecution the trial court is limited to determining whether the defendant has introduced sufficient evidence, *if credited* by the jury, to raise a reasonable doubt as to non-drug-dependency.

Applying this analysis to the facts here, we are satisfied that the defendant introduced substantial evidence of drug dependency, thus putting the burden of proof on the state. See *State* v. *Perez,* 182 Conn. 603, 605, 438 A.2d 1149 (1981); *State* v. *Vennard,* 159 Conn. 385, 403, 270 A.2d 837 (1970), cert. denied, 400 U.S. 1011, 91 S. Ct. 576, 27 L. Ed. 2d 625 (1971). The defendant testified concerning her long term use of various drugs. Her claim of drug dependency also was supported by the testimony of her mother and a physician. The state

elected not to present any evidence on the question of drug dependency but instead limited itself to cross-examination of the defendant's witnesses.

The state, of course, need not present its own witnesses to establish non-drug-dependency. See *State* v. *Evans,* supra, 237–38. It may instead attempt to meet its burden through cross-examination of defense witnesses by extracting evidence favorable to the state's position. The state followed this strategy here and failed. Its cross-examination went only to the credibility of the witnesses and no new evidence was elicited. Even if the jury did not believe the witnesses, that disbelief would leave the issue of non-drug-dependency in the area of an unproven question. It is well settled that a jury may not infer facts from its disbelief of the evidence. While a jury may reject a witness' testimony, it may not conclude from that rejection that the opposite is true. *State* v. *Coleman,* 14 Conn. App. 657, 671–76, 544 A.2d 194, cert. denied, 208 Conn. 815, 546 A.2d 283 (1988). The state failed to offer sufficient evidence to justify a conviction under General Statutes § 21a-278 (b). As a consequence, the defendant's conviction under that section must be vacated.

The appropriate form of relief must now be determined. In this case, the error in the jury instructions and the insufficiency in the evidence go to the question of non-drug-dependency. Our Supreme Court has determined that a violation of General Statutes § 21a-277 (a) is a lesser included offense of a violation of § 21a-278 (b). *State* v. *Amaral,* 179 Conn. 239, 242–44, 425 A.2d 1293 (1979). Because the erroneous instruction implicates the jury's finding only as to non-drug-dependency, and, as the state has produced sufficient evidence to prove all the elements of a violation of § 21a-277 (a), we need only remand the case with direction to modify the judgment so as to reflect a conviction of a violation of § 21a-277 (a). *State* v. *Carpenter,* 214 Conn. 77, 85, 570

A.2d 203 (1990); *State* v. *McGann,* 199 Conn. 163, 178–79, 506 A.2d 109 (1986); *State* v. *Horne,* 19 Conn. App. 111, 143–44, 562 A.2d 43 (1989).

We reject the defendant's claim that a unanimity instruction was needed here. Because the evidence showed a hand to hand drug sale by the defendant, any juror who found that the defendant sold drugs also had to find that she possessed the drugs just prior to the sale. Thus, the jury had to be unanimous at least in finding her guilty of possession with intent to sell. See *State* v. *Jones,* 193 Conn. 70, 76–77, 475 A.2d 1087 (1984).

There is error, the judgment of conviction of possession of a narcotic substance with intent to sell by a person who is not drug-dependent, in violation of General Statutes § 21a-278 (b), is vacated and the case is remanded to the trial court with direction to render a judgment of acquittal on that charge, and to render a judgment of conviction of possession of a narcotic substance with intent to sell in violation of General Statutes § 21a-277 (a) and to resentence the defendant in accordance with that conviction.

In this opinion the other judges concurred.