STATE OF CONNECTICUT *v.* VERONICA HART
(7913)

SPALLONE, NORCOTT and LANDAU, Js.

Argued October 4, 1990—decision released January 15, 1991

*Susan Brown,* assistant public defender, for the appellant (defendant).

*Rita M. Shair,* deputy assistant state's attorney, with whom were *John M. Bailey,* state's attorney, and, on the brief, *John Malone,* assistant state's attorney, for the appellee (state).

SPALLONE, J. The defendant appeals from the judgment of conviction rendered after a jury found her guilty of the crimes of sale of a narcotic substance by a person who was not drug-dependent in violation of General Statutes § 21a-278 (b), sale of a narcotic substance in violation of General Statutes § 21a-277 (a), conspiracy to sell a narcotic substance in violation of General Statutes §§ 53a-48 (a) and 21a-277 (a), and possession of a narcotic substance in violation of General Statutes § 21a-279 (a). On appeal, the defendant claims that the trial court (1) improperly denied her motion in limine that proposed to limit the defendant's testimony, and the cross-examination of her, to the subject

of drug dependency, (2) improperly denied her motion to dismiss the information against her because of prearrest delay, (3) improperly instructed the jury regarding the initial finding of drug dependency, (4) improperly instructed the jury that it could find that the state had sustained its burden of proving that the defendant was not drug-dependent, and (5) improperly sentenced the defendant in violation of her right against double jeopardy.[1] We affirm the trial court's judgment in part and reverse it in part.

The jury could reasonably have found the following facts. The defendant, Veronica Hart, was a regular patron of 190 East, a bar located in Enfield and known to the local police for extensive drug trafficking. On October 23, 1986, as part of an undercover operation, officers Steven Cahill and Paul Vanderheiden, members of the statewide narcotics task force, entered the bar. After Cahill had spread the word that he was interested in buying drugs, the defendant approached him and told him that she had heard that he wanted to buy some cocaine. The defendant told Cahill that she wanted to split a gram of cocaine with him and asked him for $50 in advance. The defendant told Cahill that she was getting the cocaine from "John," gesturing toward John Cavanaugh, a bouncer at the bar. As soon as Cahill gave the defendant the cash, she approached Cavanaugh and gave it to him. Cavanaugh pocketed the money and handed her a packet containing cocaine. The defendant walked directly back to Cahill, and the

---

[1] The defendant has not briefed an argument relating to the requested bifurcation of the trial beyond a mere assertion of the claim. " 'Assignments of error which are merely mentioned but not briefed beyond a statement of the claim will be deemed abandoned and will not be reviewed by this court.' *Bowman* v. *1477 Central Avenue Apartments, Inc.,* 203 Conn. 246, 250 n.3, 524 A.2d 610 (1987), quoting *Hayes* v. *Smith,* 194 Conn. 52, 66 n.12, 480 A.2d 425 (1984)." *Morning Star Holding Co.* v. *Kostopoulos,* 12 Conn. App. 593, 595, 533 A.2d 569 (1987).

two of them went out to his car, split the contents of the package into two packages, took one each, and reentered the bar.

On May 3, 1988, the defendant was arrested. Before the beginning of the trial, the defendant moved to dismiss the case due to the delay between the date of the alleged activities and the date of the arrest. The trial court denied this motion. During trial, the defendant made an oral motion in limine seeking a ruling from the court that, if the defendant chose to testify, "her testimony be limited as such to only the issue of dependency and to nothing else in this case." The court also denied this motion.

At the end of the trial, and after deliberation, the jury returned a verdict finding the defendant guilty on each count charged in the information. The defendant was sentenced on March 12, 1989, for a total effective sentence of eight years, execution suspended after five years, with three years probation.

I

The defendant's first claim is that the trial court improperly denied her motion in limine proposing to limit the defendant's testimony, and the cross-examination of her, to the subject of drug dependency. Specifically, the defendant asked the trial court to rule that, if the defendant chose to testify, "her testimony be limited as such to only the issue of dependency and to nothing else in the case." Defense counsel represented that it was her intention, on direct examination of the defendant, not to ask any questions pertaining to the offense charged or the events occurring on the evening of the sale, but to limit the scope of direct examination to the issue of drug dependency. In her brief, the defendant asserts that she was seeking a ruling that would ensure that if she chose to testify, and limited her testimony to the issue of drug dependency,

the state would not be allowed to cross-examine her beyond the scope of that proposed direct examination. The trial court denied the defendant's motion and the defendant elected not to testify.

We conclude that the trial court properly rejected the defendant's motion because the procedure employed by the defendant, namely, a motion in limine, is an inappropriate vehicle to raise and preserve a challenge to potential cross-examination as being outside of the scope of the defendant's hypothetical direct examination. *State* v. *Tirado,* 21 Conn. App. 449, 454, 574 A.2d 252 (1990); *State* v. *Scott,* 11 Conn. App. 102, 105, 525 A.2d 1364, cert. denied, 204 Conn. 811, 528 A.2d 1157 (1987). We have no way of knowing, nor could the trial court have known, what the scope of the defendant's direct examination would have been if she had chosen to testify, whether the state would have chosen to cross-examine the defendant or what the scope of that hypothetical cross-examination would have been. Only a complete record detailing the nature of the defendant's testimony and the scope of the direct examination permits proper appellate determination of whether a trial court improperly permitted a particular question or line of inquiry. *State* v. *Scott,* supra, 107. "In the absence of both the direct and cross-examination, we have no basis on which to review this claim." *State* v. *Tirado,* supra.

## II

The defendant's second claim is that the trial court improperly denied her motion to dismiss the information against her because of prearrest delay. Specifically, the defendant argues that the eighteen month time period between the date of the offenses and her arrest violated her due process rights because she was unable to present a completely adequate defense and because there was no justification for the delay. We disagree.

The primary protection afforded an accused from delay in arrest rests not in the due process clause but in the statute of limitations. *State* v. *Echols,* 170 Conn. 11, 17–18, 364 A.2d 225 (1975). The defendant must show more than a mere delay, however, between the offense and the arrest to establish an unconstitutional prearrest delay. "In order to establish a due process violation because of prearrest delay, the defendant must show both that actual substantial prejudice resulted from the delay and that the delay was wholly unjustified, as where the state seeks to gain a tactical advantage over the defendant. *State* v. *Littlejohn,* 199 Conn. 631, 646, 508 A.2d 1376 (1986); *State* v. *Haynes,* 8 Conn. App. 361, 364, 513 A.2d 160 (1986)." *State* v. *Hanna,* 19 Conn. App. 277, 278, 562 A.2d 549 (1989).

The defendant claims that the presentation of her case was prejudiced by the state's cross-examination of Lawrence Weiner, a psychiatrist. Weiner had testified that he believed that the defendant was drug-dependent at the time of the offense. During cross-examination, the state questioned the reliability of Weiner's testimony because of the delay between the time of the offense and the time of Weiner's psychiatric examination of the defendant. The defendant further asserts that the delay was not justified because there was no ongoing investigation from the time of the incident to the time of the filing for the arrest warrant.

We conclude that the defendant was not substantially prejudiced by the delay. At a hearing on the defendant's motion to dismiss because of prearrest delay, Vanderheiden testified that the delay in applying for the defendant's arrest warrant existed in order to protect ongoing investigations in the Enfield area and was not occasioned to gain any tactical advantage over the defendant. Some delay between the time of the offense and the time of a psychiatric examination for the purpose of introducing evidence at trial is natural. Any fur-

ther delay occasioned by the ongoing investigation in this case did not cause the defendant substantial prejudice. Accordingly, the trial court properly denied the defendant's motion to dismiss.

III

The defendant's third claim, raised for the first time on appeal, is that the trial court's instruction improperly permitted the jury, rather than the trial court, to determine whether the defendant had submitted some evidence of drug dependency and whether the state could rely on a presumption that she was not drug-dependent. We agree.

"While it is the general practice of this court not to review claims not distinctly raised at trial, we may, in the interests of justice, notice plain error not brought to the trial court's attention. Practice Book § 4185; *State* v. *Phu Dinh Le,* 17 Conn. App. 339, 342, 552 A.2d 448 (1989)." *State* v. *Luca,* 19 Conn. App. 668, 670, 563 A.2d 752 (1989). The error in this case caused a "manifest injustice under all the circumstances of the case"; *State* v. *Hinckley,* 198 Conn. 77, 87, 502 A.2d 388 (1985); because it affected the integrity or reliability of the jury's verdict. See *State* v. *Luca,* supra, 671. We will, therefore, review this claim.

Our cases make clear that "[i]n a prosecution under General Statutes § 21a-278 (b), the state may initially rely on a presumption that the defendant is not drug-dependent." *State* v. *McNeil,* 21 Conn. App. 519, 520, 574 A.2d 1314 (1990); *State* v. *Januszewski,* 182 Conn. 142, 166, 438 A.2d 679 (1980), cert. denied, 453 U.S. 922, 101 S. Ct. 3159, 69 L. Ed. 2d 1005 (1981). "This presumption evaporates when the defendant introduces substantial evidence tending to prove drug dependency, and the state must then prove, beyond a reasonable doubt, that the defendant is not drug-dependent." *State* v. *McNeil,* supra. It is for the trial court and not the

jury to decide if the defendant has introduced sufficient evidence of drug dependency so as to put the burden on the state of proving nondependency. *State* v. *Luca,* supra.

In *Luca,* we concluded that the trial court's instruction, allowing the jury to make the initial determination of whether the defendant had produced substantial evidence of drug dependency, was improper because it gave the jury the responsibility of making a finding that the trial court should have made as a matter of law. The jury instruction presented in this case is almost identical to the one given in *Luca.*[2] Any differences between them are insignificant. The trial court's

---

[2] The following comparison of the relevant jury instructions, in which the italicized words were presented in this case and the parenthetical words were presented in the *Luca* case, illustrates this point. "Non-drug-dependency is not an element of the offense which the state is initially required to prove. The status of being a drug-dependent person would exempt an accused person *of* [from] the application of these statutes. The state has a [the] right, in the first instance, to rely on a presumption that an accused person was not a drug-dependent person at the time of the offense. If and only if you find the defendant has introduced some [substantial] evidence tending to prove *her* [his] drug dependence at the time of the offense, the exemption from the application of the statutes becomes an issue, and the state can no longer rely on [the] presumption of non-drug-dependency. At that point, the burden rests upon the state, based upon [all] the evidence, to prove beyond a reasonable doubt that the accused was not a drug-dependent person and therefore not entitled to the exemption provided by the statute."

The trial court in this case continued and instructed the jury as follows, "These are determinations for you to make to determine whether or not at the time of this incident Veronica Hart was drug-dependent at the time of the offense." The similarities continued. "Based upon all the evidence presented, you may find, one, that the defendant did not produce *any credible* [substantial] evidence of drug dependency; or, two, that *she* [he] did produce *some credible* [substantial] evidence of [his] drug dependency. If you find *she did produce some credible evidence of drug dependency* [the latter], then you may find the state, through cross-examination proved beyond a reasonable doubt that the defendant was not drug-dependent at the *time* [times] of *the* [these four] *offense*[s]. And keep in mind that drug use is not necessarily drug dependence."

instruction in this case, therefore, improperly permitted the jury to make the initial determination of whether the defendant had produced "sufficient evidence of drug dependency so as to place the burden on the state to prove nondependency." *State* v. *McNeil,* supra.

## IV

The defendant asserts next that the state failed to prove beyond a reasonable doubt that the defendant was not drug-dependent. Although the absence of drug dependency is not an element of the offense charged here; *State* v. *Januszewski,* supra; the state is required to prove the absence of drug dependency *if* the defendant has introduced sufficient evidence to show dependency. *State* v. *Luca,* supra. If the state has failed to carry its burden of proof, and the conviction is reversed for insufficiency of evidence, a second trial is precluded by double jeopardy. *Burke* v. *United States,* 437 U.S. 1, 18, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978); *State* v. *Seravalli,* 189 Conn. 201, 209, 455 A.2d 852, cert. denied, 461 U.S. 920, 103 S. Ct. 2076, 77 L. Ed. 2d 291 (1983). In reviewing a claim based on the insufficiency of evidence to prove beyond a reasonable doubt that the defendant was not drug-dependent under General Statutes § 21a-278 (b), we must determine (1) whether the defendant has introduced sufficient evidence that, assuming it was credited by the jury, would raise a reasonable doubt as to drug dependency, and would, therefore, shift the burden of proving the absence of drug dependency to the state, and (2) if so, whether, when viewed in the light most favorable to sustaining the verdict, the trier could have reasonably concluded, on the facts established and the inferences reasonably drawn therefrom, that the cumulative effect of the evidence established drug dependency beyond a reasonable doubt. *State* v. *Kelly,* 23

Conn. App. 160, 173, 580 A.2d 520 (1990); *State* v. *McNeil,* supra, 521–23.

Applying this analysis to the facts here, we are satisfied that the defendant introduced substantial evidence of drug dependency, thus placing the burden on the state to prove the absence of drug dependency beyond a reasonable doubt. The defendant introduced several witnesses who testified regarding her drug dependency. Weiner, a psychiatrist admitted at trial as an expert witness, testified that he had conducted an examination of the defendant and found her to be drug-dependent at the time of the offense. One defense witness testified that the defendant used drugs whenever they were around and "they were around pretty near all the time." Another defense witness testified that she saw the defendant use drugs two or three times a week. A third defense witness testified that she knew of the defendant's drug problem and had advised her to seek treatment. The burden of proving the absence of drug dependency, therefore, shifted to the state.

The state elected not to present any direct evidence that the defendant was not drug-dependent but instead limited itself to cross-examination of the defendant's witnesses. The state, of course, need not present its own witnesses to establish the absence of drug dependency. See *State* v. *Evans,* 203 Conn. 212, 237–38, 523 A.2d 1036 (1987). "It may instead attempt to meet its burden through cross-examination of defense witnesses by extracting evidence favorable to the state's position." *State* v. *McNeil,* supra, 523.

The state's cross-examination of the defendant's witnesses, however, went only to the witness' credibility and no new evidence was introduced. While a jury may reject a witness' testimony, it may not conclude from that rejection that the opposite is true. *State* v. *Coleman,* 14 Conn. App. 657, 671–76, 544 A.2d 194, cert.

denied, 208 Conn. 815, 546 A.2d 283 (1988). Accordingly, the state failed to meet its burden of proof on the element of non-drug-dependency under General Statutes § 21a-278 (b). The defendant's conviction under that section must be vacated and, because this conviction is reversed for insufficiency of evidence, a second trial on that count is precluded by double jeopardy. *Burke* v. *United States,* supra. Because the improper instruction and the lack of evidence implicate the jury's finding only as to drug dependency, the other verdicts remain unaffected.

V

The defendant's final claim is that her conviction and sentencing on the counts of illegal possession of a narcotic substance in violation of General Statutes § 21a-279 (a) and sale of a narcotic substance in violation of General Statutes § 21a-277 (a) violates state and federal prohibitions against double jeopardy.[3]

"The double jeopardy clause of the fifth amendment to the United States constitution provides: 'nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb.' Connecticut common law also secures this right. See *State* v. *Johns,* 184 Conn. 369, 373 n.6, 439 A.2d 1049 (1981). The prohibition of double jeopardy prevents not only multiple trials, but also multiple punishments for the same offense in a single trial. *Brown* v. *Ohio,* 432 U.S. 161, 165, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977); *North Carolina* v. *Pearce,* 395 U.S. 711, 717, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969).

---

[3] The defendant also claimed that her conviction and sentencing on the counts of sale of a narcotic substance and sale of a narcotic substance by a person who is not drug-dependent violated prohibitions against double jeopardy. The defendant's conviction and sentencing on the count of sale of a narcotic substance by a person who is not drug-dependent must be vacated as explained above. We do not, therefore, address this claim.

"Double jeopardy analysis in the context of a single trial is a two-step process. First, the charges must arise out of the same act or transaction. Second, it must be determined whether the charged crimes are the same offense. Multiple punishments are forbidden only if both conditions are met. See *State* v. *Frazier,* 194 Conn. 233, 238, 478 A.2d 1013 (1984)." *State* v. *Devino,* 195 Conn. 70, 73–74, 485 A.2d 1302 (1985). There can be no doubt that the offenses for which the defendant was charged and convicted in this case arose out of the same act or transaction occurring on October 23, 1986. We therefore turn our attention to the second step of the analysis.

"The classic test for whether offenses are the same within the meaning of the double jeopardy clause 'where the same act or transaction constitutes a violation of two distinct statutory provisions . . . is whether each provision requires proof of a fact which the other does not.' *Blockburger* v. *United States,* 284 U.S. 299, 304, 52 S. Ct. 180, 76 L. Ed. 306 (1932); see *Brown* v. *Ohio,* [432 U.S. 161, 97 S. Ct. 2221, 53 L. Ed. 2d 187 (1977)]. We apply this test with reference to the charging documents. See *State* v. *McCall,* 187 Conn. 73, 90, 444 A.2d 896 (1982); *State* v. *Truppi,* 182 Conn. 449, 468, 438 A.2d 712 (1980), cert. denied, 451 U.S. 941, 101 S. Ct. 2024, 68 L. Ed. 2d 329 (1981)." *State* v. *Devino,* supra, 74–75.

The defendant cites *State* v. *Amaral,* 179 Conn. 239, 425 A.2d 1293 (1979), in support of her claim that double jeopardy has been violated. In *Amaral,* the court held that the prohibition against double jeopardy was violated where the defendant was convicted of possession, possession with intent to sell, and possession with intent to sell by a person who was not drug-dependent. Id., 243. This court has also held that the prohibition against double jeopardy is violated when the defendant was convicted of possession in violation of General

Statutes § 21a-279 (a) and possession with intent to sell in violation of General Statutes § 21a-277 (a). *State* v. *Williams*, 12 Conn. App. 225, 230, 530 A.2d 627 (1987). The defendant's reliance on *Amaral*, however, is misplaced. The defendant in this action was not convicted of possession and possession with intent to sell but was convicted of possession and *sale* of a narcotic substance. "Because one may possess narcotics without selling them, a conviction for illegal sale of narcotics requires proof of a fact that a conviction for illegal possession does not. Because one may either possess narcotics legally yet sell them illegally or sell narcotics without possessing them; see *State* v. *Brown*, 163 Conn. 52, 62–63, 301 A.2d 547 (1972); a conviction for illegal possession of narcotics requires proof of a fact that a conviction for illegal sale does not. The crimes of which the defendant was convicted were different offenses and, therefore, the punishments the defendant received did not place [her] in jeopardy." *State* v. *Devino*, supra, 75–76.

. The judgment of conviction of sale of a narcotic substance by a person who is not drug-dependent in violation of General Statutes § 21a-278 (b) is reversed and the case is remanded to the trial court with direction to render a judgment of acquittal on that charge and to resentence the defendant in accordance with her other convictions.[4]

In this opinion the other judges concurred.

---

[4] Because the defendant was convicted of the lesser included offense of sale of a narcotic substance, we need not remand with direction to render a judgment of conviction on that charge as we did in *State* v. *McNeil*, 21 Conn. App. 519, 574 A.2d 1314 (1990).