STATE OF CONNECTICUT *v.* KENNETH LITTLE
(11604)

DUPONT, C. J., DALY and LAVERY, Js.

Argued September 13—decision released October 4, 1993

*Lisa M. Sosa,* certified legal intern, with whom were *Brian J. Kornbrath* and, on the brief, *Christopher Kriesen* and *Herman Woodard,* certified legal interns, for the appellant (defendant).

*James A. Killen,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *John Waddock,* assistant state's attorney, for the appellee (state).

DALY, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of conspiracy to sell a narcotic substance by a person who is not drug-dependent in violation of General Statutes §§ 53a-48 (a)[1] and 21a-278 (b).[2] The defendant claims

---

[1] General Statutes § 53a-48 (a) provides: "A person is guilty of conspiracy when, with intent that conduct constituting a crime be performed, he agrees with one or more persons to engage in or cause the performance of such conduct, and any one of them commits an overt act in pursuance of such conspiracy."

[2] General Statutes § 21a-278 (b) (formerly § 19-480a) provides: "Any person who manufactures, distributes, sells, prescribes, dispenses, compounds, transports with the intent to sell or dispense, possesses with the intent to sell or dispense, offers, gives or administers to another person any narcotic substance, hallucinogenic substance other than marijuana, amphetamine-type substance, or one kilogram or more of a cannabis-type substance except as authorized in this chapter, and who is not at the time of such action a drug-dependent person, for a first offense shall be imprisoned not less than five years nor more than twenty years; and for each subsequent offense shall be imprisoned not less than ten years nor more than twenty-five years. The execution of the mandatory minimum sentence imposed by the provisions of this subsection shall not be suspended except the court may suspend the execution of such mandatory minimum sentence if at the time of the commission of the offense (1) such person was under the age of eighteen years or, (2) such person's mental capacity was significantly impaired but not so impaired as to constitute a defense to prosecution."

that the trial court (1) should have instructed the jury concerning the defendant's drug dependency, and (2) should have excluded evidence concerning the defendant's arrest in Maryland for possession of cocaine and a firearm. We agree with the defendant's first claim and, therefore, need not reach the second.

The jury could reasonably have found the following facts. On April 20, 1990, a police video surveillance team was set up across the street from 12 and 20 Arch Street in New Haven in response to numerous complaints about drug activity at that location. Officers Achilles Generoso and Thomas Trocchio of the New Haven police department operated a camera from the bed of a pickup truck that had a plywood cap with several windows. There were three full days of surveillance on April 20, 24, and 28, 1990. In addition, other police personnel patrolled the area. Testimony indicated that the defendant appeared in the area approximately thirty times during the course of the surveillance, but he appeared on the video tape only once for five minutes on April 28, 1990. The tape showed him receiving money from Willie Simmons, a coconspirator. The defendant admitted that he was purchasing a bag of marijuana from Simmons at the time of the taping. The police arrested three others on narcotics charges subsequent to searches of 12 and 20 Arch Street. These individuals testified at the defendant's trial and implicated him in a conspiracy to sell narcotics.

At trial, the court permitted the state to cross-examine the defendant concerning his arrest in Maryland on October 14, 1989. When the questioning about the arrest began, the defendant invoked his fifth amendment privilege against self-incrimination. The trial court ruled, however, that the fifth amendment claim was not well taken and ordered him to respond to the state's questions. He then testified that he and his three passengers were stopped in his motor vehi-

cle in Maryland. The defendant signed a consent form for the search of his vehicle. A search of the trunk of the vehicle revealed a gym bag containing cocaine, a handgun and rounds of ammunition. A small amount of marijuana was found in the passenger compartment and on the defendant's person. The defendant disavowed any knowledge of the contents of the gym bag.

The defendant also testified that during April, 1990, he had a dependency on marijuana. He had used marijuana two to three times daily for the past eight to nine years. His former wife testified that she had been married to the defendant from November, 1988, until December, 1989, and had maintained close contact with him subsequent to their divorce. She testified that the defendant used marijuana daily while they were married. In April, 1990, she saw him use it at least once a week, and the defendant told her he was using it daily at that time. The defendant requested that the trial court instruct the jury concerning his dependency on marijuana. The trial court denied the request.

## I

In a prosecution under General Statutes § 21a-278 (b), the state may initially rely on a presumption that the defendant is not drug-dependent. *State* v. *Januszewski,* 182 Conn. 142, 166, 438 A.2d 679 (1980), cert. denied, 453 U.S. 922, 101 S. Ct. 3159, 69 L. Ed. 2d 1005 (1981); *State* v. *McNeil,* 21 Conn. App. 519, 520, 574 A.2d 1314, cert. denied, 216 Conn. 807, 580 A.2d 64 (1990). That presumption cannot be relied on, however, when the defendant introduces substantial evidence tending to prove his drug dependency. *State* v. *Januszewski,* supra, 169; *State* v. *McNeil,* supra; *State* v. *Luca,* 19 Conn. App. 668, 671, 563 A.2d 752 (1989). It is the trial court, not the jury, that must decide if the defendant has introduced sufficient evidence of drug dependency. *State* v. *Luca,* supra, 672.

The defendant argues that he produced substantial evidence to put drug dependency in issue. In *McNeil,* we held that the trial court, in assessing substantial evidence, is limited to determining whether the defendant has introduced sufficient evidence, *if credited* by the jury, to raise a reasonable doubt as to the absence of drug dependency. *State* v. *McNeil,* supra, 522. "It is the trial court's duty to weigh all the evidence and to determine whether that evidence, *if believed by the jury,* would permit a reasonable jury to entertain a reasonable doubt that the defendant was not drug-dependent at the time of the alleged crime." (Emphasis in original.) *State* v. *Rivera,* 23 Conn. App. 592, 600–601, 583 A.2d 931 (1990), cert. denied, 217 Conn. 807, 584 A.2d 1192 (1991).

In *McNeil,* this court concluded that the defendant's testimony concerning her long-term use of drugs, which was supported by the testimony of her mother and her physician, constituted substantial evidence of drug dependency. *State* v. *McNeil,* supra. Testimony of a medical expert, however, is not required. *State* v. *Jackson,* 32 Conn. App. 724, 730–31 n.5, 630 A.2d 164 (1993); *State* v. *Rivera,* supra, 601. Rather, "all that is necessary is substantial evidence of drug dependency." *State* v. *Jackson,* supra; see also *State* v. *Rivera,* supra. For example, in *Jackson* we found that testimony elicited from the defendant's girlfriend that the defendant used drugs daily over a long period of time satisfied the substantial element requirement and sent the issue of drug dependency to the jury. *State* v. *Jackson,* supra.

Applying this analysis to the facts in this case, we are satisfied that the defendant introduced substantial evidence to prove that he was a drug-dependent person in April, 1990. The defendant testified concerning his long-term daily use of marijuana. His former wife further supported his claim of drug dependency. The

state, in contrast, elected not to offer any evidence on the question of drug dependency, but relied instead on its cross-examination of the defendant's witnesses. Accordingly, the trial court should have instructed the jury on the issue of the defendant's drug dependency.

In *State* v. *Hart,* 221 Conn. 595, 605 A.2d 1366 (1992), our Supreme Court made two significant holdings. First, in a departure from the burden shifting scenario set out in the earlier cases, the court held that "[General Statutes] § 21a-269[3] assigns to the defendant the burden of persuading the jury by a preponderance of the evidence that he or she is drug-dependent." Id., 610–11. The absence of drug dependency is not an element of the offense of sale of narcotics by a person who is not drug-dependent in violation of § 21a-278 (b). Id., 608. Rather, drug dependency is considered an exemption from liability under § 21a-269. *State* v. *Januszewski,* supra, 167. Thus, it is not necessary for the state to prove the absence of drug dependency beyond a reasonable doubt, but, rather, the defendant bears the burden of proving by a preponderance of the evidence that he or she is drug-dependent. *State* v. *Hart,* supra.

The *Hart* court further held that "[i]n the future, the trial court should instruct the jury concerning the issue of drug dependency and the defendant's burden of proof if it determines that there is any foundation in the evidence, no matter how weak or incredible . . . ." (Internal quotation marks omitted.) Id., 613. The *Hart* decision *"significantly lowers the standard of what constitutes sufficient evidence, pro-*

---

[3] General Statutes § 21a-269 provides: "In any complaint, information or indictment, and in any action or proceeding brought for the enforcement of any provision of this part, it shall not be necessary to negative any exception, excuse, proviso or exception contained in said section, and the burden of proof of any such exception, excuse, proviso or exemption shall be upon the defendant."

duced by the defendant, to send the issue of drug dependency to the jury." (Emphasis added.) *State* v. *Jackson,* supra, 733. Thus, a defendant no longer bears the burden of introducing substantial evidence of his drug dependency as was required in *Januszewski, Luca* and *McNeil.*

We conclude, applying either the pre*Hart* or the *Hart* standard,[4] that the testimony of the defendant and his former wife regarding his asserted drug dependency was clearly sufficient to require the trial court to instruct the jury on the issue of drug dependency. Therefore, we find that the defendant is entitled to a new trial.

## II

The defendant next claims that the trial court improperly failed to exclude evidence of the Maryland arrest. Having concluded that the defendant is entitled to a new trial, we need not address this issue because it is unlikely to recur on remand. See, e.g., *State* v. *Hart,* supra, 613; *State* v. *Williams,* 202 Conn. 349, 365, 521 A.2d 150 (1987).

The judgment is reversed and the case is remanded for a new trial.

In this opinion the other judges concurred.

---

[4] This court recently indicated that it will apply *Hart* retroactively. *State* v. *Jackson,* 32 Conn. App. 724, 731–32 n.6, 630 A.2d 164 (1993).